UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAYLEE LOGAN LEVITT,

Plaintiff,

Case No. 26-cv-12127
Hon. Matthew F. Leitman

v.

NDIAYE, *et al*.,

Defendants.

______________________________________________________/

**ORDER SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Plaintiff Baylee Logan Levitt is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). On June 15, 2026, Levitt filed a *pro se* civil-rights action in this Court under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In his Complaint, Levitt says that, while incarcerated at the Macomb Correctional Facility, he was unable to use his medically necessary CPAP machine for five days because he did not have a functioning electrical outlet in his cell. (*See id.*) He names the following MDOC employees as Defendants: Sergeant Ndiaye, Sergeant Martin, Sergeant Raby, and Prison Counselor Hernandez. (*See id.*) Levitt seeks monetary damages and any other appropriate relief. (*See id.*)

The Court has reviewed Levitt's Complaint, and for the reasons explained below, the Court summarily **DISMISSES** Levitt's claims pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I**

On July 24, 2026, the Court granted Levitt permission to proceed *in forma pauperis*. (*See* Order, ECF No. 5.) Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint in whole or in part before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c). A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). This rule gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice-pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was intentionally deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020).

**II**

In his Complaint, Levitt asserts that on April 20, 2025, while he was a prisoner at the Macomb Correctional Facility, he was moved to a different cell. Once in his new cell, Levitt realized that the electrical outlet in the cell was not functioning. Because he has a medical accommodation for a CPAP machine that requires electrical power, he notified prison staff of the problem over the course of four days:

- On April 20, 2025, Levitt notified Defendant Ndiaye that he needed a working electrical outlet for his CPAP machine. Ndiaye submitted a work order on that date.
- On April 21, 2025, Levitt notified Defendant Martin of the problem. Martin stated that she also submitted a work order.
- On April 22, 2025, Levitt notified Defendant Raby that the outlet was still not working. Raby stated that he placed a work order.

- On April 23, 2025, he notified Defendant Hernandez, who likewise stated that he submitted a work order.
- On April 24, 2025, Levitt informed Sergeant Quallis (not named as a Defendant) about the power issue and requested to be moved to a cell with a working outlet.
- On April 25, 2025, prison maintenance staff repaired the electrical outlet.

Levitt claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment when they failed to promptly provide him with access to a functioning electrical outlet.

**III**

The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement," including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Accordingly, prison officials violate the Eighth Amendment when they are deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

An Eighth Amendment claim has both an objective and subjective component. *See Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). To satisfy the objective component, a prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The subjective component requires the prisoner to show that the prison official acted with

"deliberate indifference" to a substantial risk of harm. *Id.* (quotation omitted). The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Levitt alleges that he has a medical accommodation for a CPAP machine but was unable to use it for five days because the electrical outlet in his cell was not functioning. As described above, Levitt says that he informed a different Defendant (and one non-party corrections officer) on each of five consecutive days that he needed a working electrical outlet for his CPAP machine. And he asserts that each Defendant responded by stating that he or she had submitted a work order to repair the outlet. On the sixth day, the outlet was repaired.

Even assuming that Levitt has adequately alleged a sufficiently serious medical need, the Complaint does not plausibly allege that any Defendant acted with deliberate indifference. Levitt alleges that Defendants knew he needed a functioning electrical outlet for his CPAP machine, but he does not allege that he informed them of the seriousness of his medical condition or that the temporary inability to use the machine posed a substantial risk to his health. Nor does he allege facts showing that Defendants otherwise knew of such a risk and consciously disregarded that risk. Instead, Levitt's factual allegations show that each Defendant responded to Levitt's

concerns by submitting a work order to resolve the problem with the outlet. Although the repair was not completed immediately, the electrical outlet was repaired within six days of Levitt's initial complaint. Levitt also does not allege that he suffered any adverse health effects because of the delay in repairing the outlet.

Because Levitt does not allege facts plausibly showing that any Defendant acted with deliberate indifference to a substantial risk of serious harm posed by his temporary inability to use his CPAP machine, he has failed to state viable claims against the Defendants. The Court will therefore dismiss his Complaint.

**IV**

For the reasons explained above, Levitt's Complaint is **DISMISSED**.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126